IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH E. LEITZEN, SR., and )
THERESA J. LEITZEN as GUARDIANS )
for KENNETH E. LEITZEN, JR., )
                                 )     Cause No:      1:11-CV-03049
         Plaintiffs, )
                                   )     Honorable Ruben Castillo
vs. )
                                   )
TEVA PHARMACEUTICALS USA, )
                                   )     **JURY TRIAL REQUESTED**
         Defendant, )
                                   )
**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Road )
Rodney Building #104 )
Wilmington, DE 19810 )
                                   )
and )
                                   )
TEVA PHARMACEUTICALS )
INDUSTRIES, LTD, )
                                   )
         Defendant, )
                                   )
**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Rd )
Rodney Building #104 )
Wilmington, DE 19810 )
                                   )
and )
                                   )
TEVA PHARMACEUTICALS, LLC, )
                                   )
         Defendant, )
                                   )
**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Rd )
Rodney Building #104 )
Wilmington, DE 19810 )

and                                      )
)

TEVA USA, INC., )
)

       Defendant, )
)

**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Rd )
Rodney Building #104 )
Wilmington, DE 19810 )
)

and )
)

TEVA WOMEN'S HEALTH, INC., )
)

       Defendant, )
)

**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Rd )
Rodney Building #104 )
Wilmington, DE 19810 )
)

and )
)

TEVA PARENTAL MEDICINES, INC., )
)

       Defendant, )
)

**SERVE AT:** )
Corporate Creations Network, Inc. )
3411 Silverside Rd )
Rodney Building #104 )
Wilmington, DE 19810 )
)

and )
)

TEVA NEUROSCIENCE, INC., )
)

       Defendant, )

**SERVE AT:**                                    )
The Corporation Trust Company                    )
Corporation Trust Center                         )
1209 Orange Street                               )
Wilmington, DE 19801                             )
                                                 )
and                                              )
                                                 )
TEVA NEUROSCIENCE, LLC,                          )
                                                 )
     Defendant,          )
                                                 )
**SERVE AT:**                                    )
The Corporation Trust Company                    )
Corporation Trust Center                         )
1209 Orange Street                               )
Wilmington, DE 19801                             )
                                                 )
and                                              )
                                                 )
TEVA BIOPHARMACEUTICALS USCA,                    )
INC.,                                            )
                                                 )
     Defendant,          )
                                                 )
**SERVE AT:**                                    )
Corporation Service Company                      )
2711 Centerville Road Suite 400                  )
Wilmington, DE 19808                             )
                                                 )
and                                              )
                                                 )
TEVA ASSOCIATES, L.P.,                           )
                                                 )
     Defendant,          )
                                                 )
**SERVE AT:**                                    )
The Prentice-Hall Corporation                    )
System, Inc.                                     )
2711 Centerville Road Suite 400                  )
Wilmington, DE 19808                             )
                                                 )
and                                              )

DR. REDDY'S LABORATORIES, LTD,    )
                                   )
    Defendant,               )
                                   )
**SERVE AT:**                      )
Bolloram Road                      )
Miyaput, Hyderabud                 )
Andhra Pradesh, India 500049       )
                                   )
and                                )
                                   )
DR. REDDY'S US, INC.,              )
                                   )
    Defendant,               )
                                   )
**SERVE AT:**                      )
Corporation Service Company        )
2711 Centerville Road Suite 400    )
Wilmington, DE 19808               )
                                   )
and                                )
                                   )
DR. REDDY'S LABORATORIES           )
LOUISIANA, LLC,                    )
                                   )
    Defendant,               )
                                   )
**SERVE AT:**                      )
Corporation Trust Center           )
1209 Orange Street                 )
Wilmington, DE 19801               )
                                   )
and                                )
                                   )
DR. REDDY'S LABORATORIES, INC.,    )
                                   )
    Defendant,               )
                                   )
**SERVE AT:**                      )
CT Corporation System             )
208 S. LaSalle St.                 )
Suite 814                          )
Chicago, IL 60604                  )
                                   )
and                                )

APOTEX INC.,                          )
                                      )
     Defendant,                     )
                                      )
**SERVE AT:**                         )
150 Signet Drive                      )
Toronto, Ontario                      )
M9L 1T9                               )
                                      )
and                                   )
                                      )
APOTEX CORP.,                         )
                                      )
     Defendant,                     )
                                      )
**SERVE AT:**                         )
Corporation Trust Co.                 )
Corporation Trust Center              )
1209 Orange Street                    )
Wilmington, DE 19801                  )
                                      )
and                                   )
                                      )
APOTEX LABORATORIES, INC.,            )
                                      )
     Defendant,                     )
                                      )
**SERVE AT:**                         )
Prentice-Hall Corp. Systems, Inc.     )
2711 Centerville Road Suite 400       )
Wilmington, DE 19808                  )
                                      )
and                                   )
                                      )
APOTEX USA INJECTABLES INC.,          )
                                      )
     Defendant,                     )
                                      )
**SERVE AT:**                         )
Prentice-Hall Corp. Systems, Inc.     )
2711 Centerville Road Suite 400       )
Wilmington, DE 19808                  )
                                      )
and                                   )

PLIVA HRVATSKA D.O.O. ,                      )
                                             )
     Defendant,     )
                                             )
**SERVE AT:**                                )
                                             )
and                                          )
                                             )
RATIOPHARM GMBH,                             )
                                             )
     Defendant,     )
                                             )
**SERVE AT:**                                )
Graf-Arco-Strasse 3                          )
D-89070 Ulm, Germany                         )
                                             )
and                                          )
                                             )
AUROBINDO-NORTH AMERICA,                     )
                                             )
     Defendant,     )
                                             )
**SERVE AT:**                                )
102 Melrich Road                             )
Cranbury, NJ 08512                           )
                                             )
and                                          )
                                             )
AUROBINDO PHARMA U.S.A. INC.,                )
                                             )
     Defendant,     )
                                             )
**SERVE AT:**                                )
Corp. Trust Co.                              )
Corp. Trust Center                           )
1209 Orange Street                           )
Wilmington, DE 19801                         )
                                             )
and                                          )
                                             )
AUROBINDO PHARMA LIMITED ,                   )
                                             )
     Defendant,     )

**SERVE AT:**                  )
Plot # 2, Maitri Vihar,     )
Ameerpet,                )
Hyderabad – 500 038,     )
Andhra Pradesh, India.    )
                                )
and                     )
                                )
ORTHO-MCNEIL-JANSSEN  )
PHARMACEUTICALS, INC., )
                                )
      Defendant,        )
                                )
**SERVE AT:**                  )
Johnson & Johnson       )
One J&J Plaza           )
New Brunswick, NJ 08933  )
                                )
and                     )
                                )
ORTHO-MCNEIL JANSSEN SCIENTIFIC )
AFFAIRS, LLC,          )
                                )
      Defendant,        )
                                )
**SERVE AT:**                  )
Johnson & Johnson       )
One J&J Plaza           )
New Brunswick, NJ 08933  )
                                )
and                     )
                                )
JANSSEN, L.P.,          )
                                )
      Defendant,        )
                                )
**SERVE AT:**                  )
Johnson & Johnson       )
One J&J Plaza           )
New Brunswick, NJ 08933  )
                                )
and                     )
                                )
JANSSEN R & D, INC.,    )
                                )

Defendant,                                    )

**SERVE AT:**                                 )

W J Ryan                                      )

501 George St.                                )

New Brunswick, NJ 08903                       )

                                         )

and                                           )

                                         )

JANSSEN PHARMACEUTICA INC.,                   )

                                         )

    Defendant,             )

                                         )

**SERVE AT:**                                 )

Johnson & Johnson                             )

One J&J Plaza                                 )

New Brunswick, NJ 08933                       )

                                         )

and                                           )

                                         )

JANSSEN RESEARCH FOUNDATION,                  )

                                         )

    Defendant,             )

                                         )

**SERVE AT:**                                 )

The Corporation Trust Company                 )

820 Bear Tavern Road                          )

West Trenton, NJ 08628                        )

Wilmington, DE 19810                          )

                                         )

and                                           )

                                         )

JOHNSON & JOHNSON                             )

PHARMACEUTICAL RESEARCH &                     )

DEVELOPMENT, L.L.C.,                          )

                                         )

    Defendant,             )

                                         )

**SERVE AT:**                                 )

Johnson & Johnson                             )

One J&J Plaza                                 )

New Brunswick, NJ 08933                       )

                                         )

and                                           )

JOHNSON & JOHNSON,                       )
                                         )
    Defendant,       )
                                         )
**SERVE AT:**                            )
Johnson & Johnson                        )
One J&J Plaza                            )
New Brunswick, NJ 08933                  )
                                         )
and                                      )
                                         )
PATRIOT PHARMA, LLC,                     )
                                         )
    Defendant,       )
                                         )
**SERVE AT:**                            )
116 Pine Street                          )
Suite 320                                )
Harrisburg, PA 17101                     )
                                         )
and                                      )
                                         )
OREGON HEALTHCARE PHARMACY               )
SERVICES, INC.,                          )
                                         )
    Defendant,       )
                                         )
**SERVE AT:**                            )
Douglas E. Lee                           )
215 E. 1st Street, Ste. 100         )
Dixon, IL 61021                          )
                                         )

## AMENDED COMPLAINT

## GENERAL ALLEGATIONS

    COMES NOW Plaintiff, Kenneth E. Leitzen, Jr., by and through undersigned counsel, and for his Complaint, states as follows:

    1.    Kenneth E. Leitzen, Jr. is a resident and a citizen of Lee County Illinois.

2.      Defendants are pharmaceutical entities with sufficient ties to the state of Illinois with the authority to sue or be sued therein.

3.      At all relevant times herein, Kenneth E. Leitzen, Jr. was disabled and diagnosed with Down Syndrome and mental retardation at birth.

4.      At all times relevant herein, Kenneth E. Leitzen, Jr. has been incompetent to manage his own affairs as a result of his Down Syndrome and mental retardation.

5.      The legal guardians of Kenneth E. Leitzen, Jr. are his parents Plaintiffs Theresa J. Leitzen and Kenneth E. Leitzen, Sr.  See Order of Adjudication of Disability and Appointing Guardian attached as Exhibit A.

6.      This case is brought by the Plaintiffs Theresa J. Leitzen and Kenneth E. Leitzen, Sr. as Guardians of Kenneth E. Leitzen, Jr. for personal injuries suffered by Kenneth E. Leitzen, Jr. as a result of being prescribed Risperdal/Risperidone.

7.      At all relevant times, Kenneth E. Leitzen, Jr. was the resident of a group home in Freeport, Illinois.

8.      While a resident of the aforementioned group home, Kenneth E. Leitzen, Jr. was diagnosed with bipolar depression.

9.      To treat Kenneth E. Leitzen, Jr.'s bipolar depression and other conditions, Kenneth E. Leitzen, Jr. was prescribed Risperdal/Risperidone.

10.     Shortly after routinely ingesting his dosage of Risperdal/Risperdone, Plaintiff began to show a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

11.     As a result of ingesting Risperdal/Risperdone, Plaintiff also became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

12.     Plaintiffs Kenneth E. Leitzen, Sr. and Theresa J. Leitzen, as guardians for the Kenneth E. Leitzen, Jr., requested that those treating Kenneth E. Leitzen, Jr. refrain from administering Risperdal/Risperidone.

13.     Those treating Kenneth E. Leitzen, Jr. threatened to cease caring for Kenneth E. Leitzen, Jr. if Plaintiffs Kenneth E. Leitzen, Sr. and Theresa J. Leitzen continued to make such requests.

14.     In November of 2009, Plaintiffs Kenneth E. Leitzen, Sr. and Theresa J. Leitzen removed Kenneth E. Leitzen, Jr. from care at the group home.

15.     Under the care of his guardians, Kenneth E. Leitzen, Jr. has been diagnosed (by a subsequent physician) with Tardive Dyskinesia, Tourrette's Syndrome, an enlarged prostate, distended bladder, and flushing syndrome.

16.     Upon information and belief, each of the named Defendants has participated in the manufacture, sale and/or marketing of Risperdal/Risperidone.

17.     Defendants TEVA PHARMACEUTICALS USA, TEVA PHARMACEUTICALS, INDUSTRIES, LTD, TEVA PHARMACEUTICALS, LLC, TEVA USA, INC., TEVA WOMEN'S HEALTH, INC., TEVA PARENTAL MEDICINES, INC., TEVA NEUROSCIENCE, INC., TEVA NEUROSCIENCE, LLC, TEVA BIOPHARMACEUTICALS USCA, INC., TEVA ASSOCIATES, L.P., DR. REDDY'S LABORATORIES, LTD, DR. REDDY'S US, INC., DR. REDDY'S LABORATORIES LOUISIANA, LLC, DR. REDDY'S LABORATORIES, INC., APOTEX INC., APOTEX

CORP., APOTEX LABORATORIES, INC., APOTEX USA INJECTABLES INC., PLIVA

HRVATSKA D.O.O. , RATIOPHARM GMBH, AUROBINDO-NORTH AMERICA,

AUROBINDO PHARMA U.S.A. INC., AUROBINDO PHARMA LIMITED     ,     ORTHO-

MCNEIL-JANSSEN     PHARMACEUTICALS,     INC.,     ORTHO-MCNEIL     JANSSEN

SCIENTIFIC AFFAIRS, LLC, JANSSEN, L.P., JANSSEN R & D, INC.,  JANSSEN

PHARMACEUTICA INC., JANSSEN RESEARCH FOUNDATION, JOHNSON & JOHNSON

PHARMACEUTICAL RESEARCH DEVELOPMENT, L.L.C., JOHNSON & JOHNSON, and

PATRIOT PHARMA, LLC are foreign corporations and limited liability companies authorized

to do business in the State of Illinois.

18.     Defendant OREGON HEALTHCARE PHARMACY SERVICES, INC. is a

corporation organized and existing under the law of the State of Illinois and, therefore, are

citizens of the State of Illinois.

19.     Plaintiffs are residents and domiciled in the State of Illinois.

20.     This cause of action is presently before the United States District Court for the

Northern District of Illinois as a result of a Notice of Removal filed by the Teva Defendant

alleging that this Court has jurisdiction under 28 U.S.C. §1332.

21.     No such jurisdiction exists because there is not complete diversity of citizenship

between Plaintiffs and Defendants because Plaintiffs are citizens of the State of Illinois and

Defendant Oregon Healthcare Pharmacy Services, Inc. and Defendant Frances Home, Inc. are

citizens of the State of Illinois.

22.     Based on this Court's Order of May 10, 2011 dismissing the state Court

Complaint to "the filing of a timely motion to remand or the filing of a proper amended federal

complaint," Plaintiff's file this Amended Complaint.

23.     As the parties in this case are not diverse, the only action that this Court can take with respect to the causes of action set out in the Amended Complaint is to remand to an appropriate court of the State of Illinois.

## COUNT I - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count I of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Pharmaceuticals USA, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Pharmaceuticals USA provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Pharmaceuticals USA was provided to Kenneth E. Leitzen, Jr. after misbranding

or mislabeling on the part of the Defendant Teva Pharmaceuticals USA, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Pharmaceuticals USA provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Teva Pharmaceuticals USA knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Teva Pharmaceuticals USA, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Teva Pharmaceuticals USA, to the extent that the Defendant Teva Pharmaceuticals USA will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Pharmaceuticals USA should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Pharmaceuticals USA jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT II – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count II of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Teva Pharmaceuticals USA were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3. At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Pharmaceuticals USA.

4. Upon information and belief, all of said Defendant Teva Pharmaceuticals USA either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5. The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

    (a) At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharmaceuticals USA, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

    (b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Pharmaceuticals USA, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

    (c) At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharmaceuticals USA it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Pharmaceuticals USA. Specifically,

although Defendant Teva Pharmaceuticals USA were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Pharmaceuticals USA failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Teva Pharmaceuticals USA's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.    The Defendant Teva Pharmaceuticals USA knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.    A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.    The Defendant Teva Pharmaceuticals USA knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.    The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the

Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Teva Pharmaceuticals USA knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Pharmaceuticals USA or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Pharmaceuticals USA jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT III - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count III of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Pharmaceutical Industries, Ltd., at all times material herein, owed

a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Pharmaceutical Industries, Ltd. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Pharmaceutical Industries, Ltd. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Pharmaceutical Industries, Ltd., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Pharmaceutical Industries, Ltd. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Pharmaceutical Industries, Ltd. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and

physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Teva Pharmaceutical Industries, Ltd., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.    Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.    Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.    With respect to the Defendant Teva Pharmaceutical Industries, Ltd., to the extent that the Defendant Teva Pharmaceutical Industries, Ltd. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Pharmaceutical

Industries, Ltd. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Pharmaceutical Industries, Ltd. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT IV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count IV of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Teva Pharamceuticals Industries, Ltd. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Pharamceuticals Industries, Ltd.

4.     Upon information and belief, all of said Defendant Teva Pharamceuticals Industries, Ltd. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position

to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharamceuticals Industries, Ltd., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Pharamceuticals Industries, Ltd., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharamceuticals Industries, Ltd. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Pharamceuticals Industries, Ltd.. Specifically, although Defendant Teva Pharamceuticals Industries, Ltd. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Pharamceuticals Industries, Ltd. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Teva Pharamceuticals Industries, Ltd.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva Pharamceuticals Industries, Ltd. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva Pharamceuticals Industries, Ltd. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Teva Pharamceuticals Industries, Ltd. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate

warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Pharamceuticals Industries, Ltd. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Pharamceuticals Industries, Ltd. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT V - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count V of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Pharmaceuticals, LLC, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Pharmaceuticals, LLC provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Pharmaceuticals, LLC was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Pharmaceuticals, LLC, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Pharmaceuticals, LLC provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Teva Pharmaceuticals, LLC knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Teva Pharmaceuticals, LLC, breached and failed in its duties to counsel, and provide appropriate warnings, patient package

inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Teva Pharmaceuticals, LLC, to the extent that the Defendant Teva Pharmaceuticals, LLC will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Pharmaceuticals, LLC should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Pharmaceuticals, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT VI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count VI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Teva Pharmaceuticals, LLC were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Pharmaceuticals, LLC.

4.      Upon information and belief, all of said Defendant Teva Pharmaceuticals, LLC either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)      At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharmaceuticals, LLC, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)      The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Pharmaceuticals, LLC, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)      At the time the Risperdal/Risperidone product left the control of the Defendant Teva Pharmaceuticals, LLC it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Pharmaceuticals, LLC. Specifically, although Defendant Teva Pharmaceuticals, LLC were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Pharmaceuticals, LLC failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperidone product.

(d)      Defendant Teva Pharmaceuticals, LLC's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva Pharmaceuticals, LLC knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva Pharmaceuticals, LLC knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Teva Pharmaceuticals, LLC knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Pharmaceuticals, LLC or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Pharmaceuticals, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT VII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count VII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva USA, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3. Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva USA, Inc. provided to patients, including Risperdal/Risperidone drug.

4. The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5. Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva USA, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva USA, Inc., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva USA, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Teva USA, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Teva USA, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion,

signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Teva USA, Inc., to the extent that the Defendant Teva USA, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva USA, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva USA, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT VIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count VIII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Teva USA, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva USA, Inc.

4.      Upon information and belief, all of said Defendant Teva USA, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

> (a)      At the time the Risperdal/Risperidone product left the control of the Defendant Teva USA, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

> (b)      The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva USA, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva USA, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva USA, Inc.. Specifically, although Defendant Teva USA, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva USA, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Teva USA, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva USA, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva USA, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Teva USA, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva USA, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva USA, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT IX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count IX of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Women's Health, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3. Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Women's Health, Inc. provided to patients, including Risperdal/Risperidone drug.

4. The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5. Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Women's Health, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Women's Health, Inc., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Women's Health, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Teva Women's Health, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the

Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Teva Women's Health, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Teva Women's Health, Inc., to the extent that the Defendant Teva Women's Health, Inc. will not or cannot identify the manufacturers of the

Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Women's Health, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Women's Health, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT X – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count X of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    At all relevant times herein the Defendant Teva Women's Health, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.    At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Women's Health, Inc.

4.    Upon information and belief, all of said Defendant Teva Women's Health, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from

placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Women's Health, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Women's Health, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Women's Health, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Women's Health, Inc..  Specifically, although Defendant Teva Women's Health, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Teva Women's Health, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Teva Women's Health, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Teva Women's Health, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Teva Women's Health, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Teva Women's Health, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Women's Health, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Women's Health, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XI - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XI of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Parental Medicines, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Parental Medicines, Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Parental Medicines, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Parental Medicines, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Parental Medicines, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Parental Medicines, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Teva Parental Medicines, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package

inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.      Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.      Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.      With respect to the Defendant Teva Parental Medicines, Inc., to the extent that the Defendant Teva Parental Medicines, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Parental Medicines, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Parental Medicines, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Teva Parental Medicines, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Parental Medicines, Inc.

4.      Upon information and belief, all of said Defendant Teva Parental Medicines, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)    At the time the Risperdal/Risperidone product left the control of the Defendant Teva Parental Medicines, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)    The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Parental Medicines, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Teva Parental Medicines, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Parental Medicines, Inc.. Specifically, although Defendant Teva Parental Medicines, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Parental Medicines, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Teva Parental Medicines, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Teva Parental Medicines, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Teva Parental Medicines, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Teva Parental Medicines, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Parental Medicines, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Parental Medicines, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XIII of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Neuroscience, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.    Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Neuroscience, Inc. provided to patients, including Risperdal/Risperidone drug.

4.    The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully

informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Neuroscience, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Neuroscience, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Neuroscience, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Neuroscience, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Teva Neuroscience, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Teva Neuroscience, Inc., to the extent that the Defendant Teva Neuroscience, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Neuroscience, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Neuroscience, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

# COUNT XIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XIV of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    At all relevant times herein the Defendant Teva Neuroscience, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.    At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Neuroscience, Inc.

4.    Upon information and belief, all of said Defendant Teva Neuroscience, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.    The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

> (a)    At the time the Risperdal/Risperidone product left the control of the Defendant Teva Neuroscience, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty,

all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Neuroscience, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Neuroscience, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Neuroscience, Inc..  Specifically, although Defendant Teva Neuroscience, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Teva Neuroscience, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Teva Neuroscience, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva Neuroscience, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva Neuroscience, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Teva Neuroscience, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Neuroscience, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Neuroscience, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XV of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Neuroscience, LLC, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Neuroscience, LLC provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Neuroscience, LLC was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Neuroscience, LLC, and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Neuroscience, LLC provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Neuroscience, LLC knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Teva Neuroscience, LLC, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice,

an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Teva Neuroscience, LLC, to the extent that the Defendant Teva Neuroscience, LLC will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Neuroscience, LLC should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Neuroscience, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XVI of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Teva Neuroscience, LLC were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Neuroscience, LLC.

4.     Upon information and belief, all of said Defendant Teva Neuroscience, LLC either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Neuroscience, LLC, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Neuroscience, LLC, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Teva Neuroscience, LLC it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Neuroscience, LLC. Specifically, although Defendant Teva Neuroscience, LLC were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Neuroscience, LLC failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Teva Neuroscience, LLC's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.    The Defendant Teva Neuroscience, LLC knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.    A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.    The Defendant Teva Neuroscience, LLC knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.    The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Teva Neuroscience, LLC knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Neuroscience, LLC or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Neuroscience, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XVII of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Biopharmaceuticals USCA, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Biopharmaceuticals USCA, Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Biopharmaceuticals USCA, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Biopharmaceuticals USCA, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Biopharmaceuticals USCA, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Biopharmaceuticals USCA, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that

the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.  Upon information and belief, the Defendant Teva Biopharmaceuticals USCA, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.  After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.  Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.  Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.  With respect to the Defendant Teva Biopharmaceuticals USCA, Inc., to the extent that the Defendant Teva Biopharmaceuticals USCA, Inc. will not or cannot identify the

manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Biopharmaceuticals USCA, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Biopharmaceuticals USCA, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XVIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Teva Biopharmaceuticals USCA, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Biopharmaceuticals USCA, Inc.

4.      Upon information and belief, all of said Defendant Teva Biopharmaceuticals USCA, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic

benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Biopharmaceuticals USCA, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Biopharmaceuticals USCA, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Teva Biopharmaceuticals USCA, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Biopharmaceuticals USCA, Inc.. Specifically, although Defendant Teva Biopharmaceuticals USCA, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Biopharmaceuticals USCA, Inc. failed to use reasonable

care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Teva Biopharmaceuticals USCA, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva Biopharmaceuticals USCA, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva Biopharmaceuticals USCA, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Teva Biopharmaceuticals USCA, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that

the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Biopharmaceuticals USCA, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Biopharmaceuticals USCA, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XIX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XIX of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Teva Associates, L.P., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient

education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Teva Associates, L.P. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Teva Associates, L.P. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Teva Associates, L.P., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Teva Associates, L.P. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Teva Associates, L.P. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Teva Associates, L.P., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Teva Associates, L.P., to the extent that the Defendant Teva Associates, L.P. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Teva Associates, L.P. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Teva Associates, L.P. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XX – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XX of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Teva Associates, L.P. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Teva Associates, L.P.

4.      Upon information and belief, all of said Defendant Teva Associates, L.P. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a) At the time the Risperdal/Risperidone product left the control of the Defendant Teva Associates, L.P., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Teva Associates, L.P., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Teva Associates, L.P. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Teva Associates, L.P.. Specifically, although Defendant Teva Associates, L.P. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Teva Associates, L.P. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d) Defendant Teva Associates, L.P.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Teva Associates, L.P. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Teva Associates, L.P. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Teva Associates, L.P. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Teva Associates, L.P. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Teva Associates, L.P. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXI - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXI of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Dr. Reddy's Laboratories, Ltd., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Dr. Reddy's Laboratories, Ltd. provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5. Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Dr. Reddy's Laboratories, Ltd. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Dr. Reddy's Laboratories, Ltd., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Dr. Reddy's Laboratories, Ltd. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Dr. Reddy's Laboratories, Ltd. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Dr. Reddy's Laboratories, Ltd., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.    After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.   Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.   Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.   With respect to the Defendant Dr. Reddy's Laboratories, Ltd., to the extent that the Defendant Dr. Reddy's Laboratories, Ltd. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Dr. Reddy's Laboratories, Ltd. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Dr. Reddy's Laboratories, Ltd. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

# COUNT XXII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Dr. Reddy's Laboratories, Ltd. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Dr. Reddy's Laboratories, Ltd.

4.      Upon information and belief, all of said Defendant Dr. Reddy's Laboratories, Ltd. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

        (a)      At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories, Ltd., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached

an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Dr. Reddy's Laboratories, Ltd., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories, Ltd. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Dr. Reddy's Laboratories, Ltd.. Specifically, although Defendant Dr. Reddy's Laboratories, Ltd. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Dr. Reddy's Laboratories, Ltd. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Dr. Reddy's Laboratories, Ltd.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Dr. Reddy's Laboratories, Ltd. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Dr. Reddy's Laboratories, Ltd. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Dr. Reddy's Laboratories, Ltd. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Dr. Reddy's Laboratories, Ltd. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Dr. Reddy's Laboratories, Ltd. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXIII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Dr. Reddy's US, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Dr. Reddy's US, Inc. provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Dr. Reddy's US, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Dr. Reddy's US, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Dr. Reddy's US, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Dr. Reddy's US, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Dr. Reddy's US, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice,

an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Dr. Reddy's US, Inc., to the extent that the Defendant Dr. Reddy's US, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Dr. Reddy's US, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Dr. Reddy's US, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXIV of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Dr. Reddy's US, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Dr. Reddy's US, Inc.

4.     Upon information and belief, all of said Defendant Dr. Reddy's US, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

> (a)     At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's US, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

> (b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Dr. Reddy's US, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's US, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Dr. Reddy's US, Inc.. Specifically, although Defendant Dr. Reddy's US, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Dr. Reddy's US, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Dr. Reddy's US, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Dr. Reddy's US, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Dr. Reddy's US, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.      The Defendant Dr. Reddy's US, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.      Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.      These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Dr. Reddy's US, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Dr. Reddy's US, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXV of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Dr. Reddy's Laboratories Louisiana, LLC, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Dr. Reddy's Laboratories Louisiana, LLC provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Dr. Reddy's Laboratories Louisiana, LLC was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Dr. Reddy's Laboratories Louisiana, LLC, and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Dr. Reddy's Laboratories Louisiana, LLC provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Dr. Reddy's Laboratories Louisiana, LLC knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone

that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Dr. Reddy's Laboratories Louisiana, LLC, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.      Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.      Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.      With respect to the Defendant Dr. Reddy's Laboratories Louisiana, LLC, to the extent that the Defendant Dr. Reddy's Laboratories Louisiana, LLC will not or cannot identify

the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Dr. Reddy's Laboratories Louisiana, LLC should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Dr. Reddy's Laboratories Louisiana, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXVI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Dr. Reddy's Laboratories Louisiana, LLC were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Dr. Reddy's Laboratories Louisiana, LLC.

4.      Upon information and belief, all of said Defendant Dr. Reddy's Laboratories Louisiana, LLC either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an

economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5. The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a) At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories Louisiana, LLC, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Dr. Reddy's Laboratories Louisiana, LLC, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories Louisiana, LLC it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Dr. Reddy's Laboratories Louisiana, LLC. Specifically, although Defendant Dr. Reddy's Laboratories Louisiana, LLC were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Dr. Reddy's Laboratories

Louisiana, LLC failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Dr. Reddy's Laboratories Louisiana, LLC's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Dr. Reddy's Laboratories Louisiana, LLC knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Dr. Reddy's Laboratories Louisiana, LLC knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Dr. Reddy's Laboratories Louisiana, LLC knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that

the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Dr. Reddy's Laboratories Louisiana, LLC or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Dr. Reddy's Laboratories Louisiana, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXVII of their Complaint, state as follows:

1.    Plaintiff incorporates all of the above and below paragraphs by reference.

2.    Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Dr. Reddy's Laboratories, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts,

and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Dr. Reddy's Laboratories, Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Dr. Reddy's Laboratories, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Dr. Reddy's Laboratories, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Dr. Reddy's Laboratories, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Dr. Reddy's Laboratories, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Dr. Reddy's Laboratories, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Dr. Reddy's Laboratories, Inc., to the extent that the Defendant Dr. Reddy's Laboratories, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Dr. Reddy's Laboratories, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to

its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Dr. Reddy's Laboratories, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXVIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Dr. Reddy's Laboratories, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Dr. Reddy's Laboratories, Inc.

4.      Upon information and belief, all of said Defendant Dr. Reddy's Laboratories, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it

entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one

or more of the  following respects:

(a)    At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)    The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Dr. Reddy's Laboratories, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Dr. Reddy's Laboratories, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Dr. Reddy's Laboratories, Inc..  Specifically, although Defendant Dr. Reddy's Laboratories, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Dr. Reddy's Laboratories, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Dr. Reddy's Laboratories, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common

to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Dr. Reddy's Laboratories, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Dr. Reddy's Laboratories, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Dr. Reddy's Laboratories, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Dr. Reddy's Laboratories, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Dr. Reddy's Laboratories, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXIX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXIX of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Apotex Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3. Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Apotex Inc. provided to patients, including Risperdal/Risperidone drug.

4. The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully

informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5. Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Apotex Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Apotex Inc., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Apotex Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Apotex Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Apotex Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion,

signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Apotex Inc., to the extent that the Defendant Apotex Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Apotex Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Apotex Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

<u>**COUNT XXX – STRICT PRODUCTS LIABILITY**</u>

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXX of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Apotex Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Apotex Inc.

4.     Upon information and belief, all of said Defendant Apotex Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

    (a)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

    (b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Apotex Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Apotex Inc.. Specifically, although Defendant Apotex Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Apotex Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Apotex Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Apotex Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Apotex Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Apotex Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Apotex Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Apotex Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## <u>COUNT XXXI - NEGLIGENCE</u>

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Apotex Corp., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Apotex Corp. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Apotex Corp. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Apotex Corp., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Apotex Corp. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Apotex Corp. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the

Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Apotex Corp., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperidone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Apotex Corp., to the extent that the Defendant Apotex Corp. will not or cannot identify the manufacturers of the Risperdal/Risperidone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court,

the Defendant Apotex Corp. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Apotex Corp. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Apotex Corp. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3. At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Apotex Corp.

4. Upon information and belief, all of said Defendant Apotex Corp. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Corp., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Apotex Corp., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Corp. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Apotex Corp.  Specifically, although Defendant Apotex Corp. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Apotex Corp. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Apotex Corp.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There were no warnings or instructions that communicate sufficient information

on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Apotex Corp. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Apotex Corp. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.      The Defendant Apotex Corp. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.      Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Apotex Corp. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Apotex Corp. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXIII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Apotex Laboratories, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Apotex Laboratories, Inc. provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Apotex Laboratories, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Apotex Laboratories, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Apotex Laboratories, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Apotex Laboratories, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Apotex Laboratories, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.    Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.    Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.    With respect to the Defendant Apotex Laboratories, Inc., to the extent that the Defendant Apotex Laboratories, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Apotex Laboratories, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Apotex Laboratories, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXIV of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Apotex Laboratories, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3. At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Apotex Laboratories, Inc.

4. Upon information and belief, all of said Defendant Apotex Laboratories, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5. The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

        (a)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Laboratories, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty,

all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Apotex Laboratories, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex Laboratories, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Apotex Laboratories, Inc..  Specifically, although Defendant Apotex Laboratories, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Apotex Laboratories, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Apotex Laboratories, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Apotex Laboratories, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Apotex Laboratories, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.    The Defendant Apotex Laboratories, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.    Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.    These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Apotex Laboratories, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Apotex Laboratories, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages

incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXV of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Apotex USA Injectables Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Apotex USA Injectables Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Apotex USA Injectables Inc. was provided to Kenneth E. Leitzen, Jr. after

misbranding or mislabeling on the part of the Defendant Apotex USA Injectables Inc., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Apotex USA Injectables Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Apotex USA Injectables Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Apotex USA Injectables Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Apotex USA Injectables Inc., to the extent that the Defendant Apotex USA Injectables Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Apotex USA Injectables Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Apotex USA Injectables Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXVI of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Apotex USA Injectables Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Apotex USA Injectables Inc.

4.     Upon information and belief, all of said Defendant Apotex USA Injectables Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex USA Injectables Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Apotex USA Injectables Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Apotex USA Injectables Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Apotex USA Injectables Inc.. Specifically,

although Defendant Apotex USA Injectables Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Apotex USA Injectables Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)   Defendant Apotex USA Injectables Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Apotex USA Injectables Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Apotex USA Injectables Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the

Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Apotex USA Injectables Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Apotex USA Injectables Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Apotex USA Injectables Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXVII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Pliva Hrvatska D.o.o., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Pliva Hrvatska D.o.o. provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Pliva Hrvatska D.o.o. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Pliva Hrvatska D.o.o., and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperidone drug that the Defendant Pliva Hrvatska D.o.o. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Pliva Hrvatska D.o.o. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the

Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.    Upon information and belief, the Defendant Pliva Hrvatska D.o.o., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.    After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.    Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.    Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.    With respect to the Defendant Pliva Hrvatska D.o.o., to the extent that the Defendant Pliva Hrvatska D.o.o. will not or cannot identify the manufacturers of the

Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Pliva Hrvatska D.o.o. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Pliva Hrvatska D.o.o. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXVIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Pliva Hrvatska D.o.o. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Pliva Hrvatska D.o.o.

4.      Upon information and belief, all of said Defendant Pliva Hrvatska D.o.o. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Pliva Hrvatska D.o.o., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Pliva Hrvatska D.o.o., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Pliva Hrvatska D.o.o. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Pliva Hrvatska D.o.o.. Specifically, although Defendant Pliva Hrvatska D.o.o. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Pliva Hrvatska D.o.o. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Pliva Hrvatska D.o.o.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information

on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Pliva Hrvatska D.o.o. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Pliva Hrvatska D.o.o. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Pliva Hrvatska D.o.o. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Pliva Hrvatska D.o.o. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Pliva Hrvatska D.o.o. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XXXIX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XXXIX of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Ratiopharm GmbH, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Ratiopharm GmbH provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Ratiopharm GmbH was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Ratiopharm GmbH, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Ratiopharm GmbH provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Ratiopharm GmbH knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Ratiopharm GmbH, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Ratiopharm GmbH, to the extent that the Defendant Ratiopharm GmbH will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Ratiopharm GmbH should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Ratiopharm GmbH jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XL – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XL of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Ratiopharm GmbH were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Ratiopharm GmbH.

4.      Upon information and belief, all of said Defendant Ratiopharm GmbH either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

> (a)      At the time the Risperdal/Risperidone product left the control of the Defendant Ratiopharm GmbH, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty,

all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Ratiopharm GmbH, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Ratiopharm GmbH it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Ratiopharm GmbH.    Specifically, although Defendant Ratiopharm GmbH were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.   Defendant Ratiopharm GmbH failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Ratiopharm GmbH's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.   There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Ratiopharm GmbH knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Ratiopharm GmbH knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Ratiopharm GmbH knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Ratiopharm GmbH or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Ratiopharm GmbH jointly and severally in such sum as will reasonably and fairly compensate him for damages

incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLI - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Aurobindo Pharma, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Aurobindo Pharma provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Aurobindo Pharma was provided to Kenneth E. Leitzen, Jr. after misbranding or

mislabeling on the part of the Defendant Aurobindo Pharma, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Aurobindo Pharma provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Aurobindo Pharma knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Aurobindo Pharma, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Aurobindo Pharma, to the extent that the Defendant Aurobindo Pharma will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Aurobindo Pharma should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurobindo Pharma jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Aurobindo Pharma were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3. At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Aurobindo Pharma.

4. Upon information and belief, all of said Defendant Aurobindo Pharma either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5. The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a) At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Aurobindo Pharma, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Aurobindo Pharma. Specifically, although Defendant

Aurobindo Pharma were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Aurobindo Pharma failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Aurobindo Pharma's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Aurobindo Pharma knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Aurobindo Pharma knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Aurobindo Pharma knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11. Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Aurobindo Pharma or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Aurobindo Pharma jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLIII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Aurobindo-North America, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or

patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Aurobindo-North America provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Aurobindo-North America was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Aurobindo-North America, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Aurobindo-North America provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Aurobindo-North America knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Aurobindo-North America, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Aurobindo-North America, to the extent that the Defendant Aurobindo-North America will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Aurobindo-North America should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to

its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurobindo-North America jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLIV of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Aurobindo-North America were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Aurobindo-North America.

4.      Upon information and belief, all of said Defendant Aurobindo-North America either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo-North America, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Aurobindo-North America, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo-North America it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Aurobindo-North America.  Specifically, although Defendant Aurobindo-North America were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Aurobindo-North America failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Aurobindo-North America's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There

were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6. The Defendant Aurobindo-North America knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7. A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8. The Defendant Aurobindo-North America knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9. The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Aurobindo-North America knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Aurobindo-North America or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Aurobindo-North America jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLV of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Aurobindo Pharma U.S.A. Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Aurobindo Pharma U.S.A. Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Aurobindo Pharma U.S.A. Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Aurobindo Pharma U.S.A. Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Aurobindo Pharma U.S.A. Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Aurobindo Pharma U.S.A. Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Aurobindo Pharma U.S.A. Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package

inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Aurobindo Pharma U.S.A. Inc., to the extent that the Defendant Aurobindo Pharma U.S.A. Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Aurobindo Pharma U.S.A. Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurobindo Pharma U.S.A. Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLVI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Aurobindo Pharma U.S.A. Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Aurobindo Pharma U.S.A. Inc.

4.      Upon information and belief, all of said Defendant Aurobindo Pharma U.S.A. Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it

entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)    At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma U.S.A. Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)    The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Aurobindo Pharma U.S.A. Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma U.S.A. Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Aurobindo Pharma U.S.A. Inc.. Specifically, although Defendant Aurobindo Pharma U.S.A. Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Aurobindo Pharma U.S.A. Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Aurobindo Pharma U.S.A. Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common

to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Aurobindo Pharma U.S.A. Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Aurobindo Pharma U.S.A. Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Aurobindo Pharma U.S.A. Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Aurobindo Pharma U.S.A. Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Aurobindo Pharma U.S.A. Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLVII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Aurobindo Pharma Limited, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Aurobindo Pharma Limited provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully

informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Aurobindo Pharma Limited was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Aurobindo Pharma Limited, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Aurobindo Pharma Limited provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Aurobindo Pharma Limited knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Aurobindo Pharma Limited, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Aurobindo Pharma Limited, to the extent that the Defendant Aurobindo Pharma Limited will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Aurobindo Pharma Limited should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurobindo Pharma Limited jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT XLVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLVIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Aurobindo Pharma Limited were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Aurobindo Pharma Limited

4.      Upon information and belief, all of said Defendant Aurobindo Pharma Limited either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)      At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma Limited, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Aurobindo Pharma Limited, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Aurobindo Pharma Limited it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Aurobindo Pharma Limited.  Specifically, although Defendant Aurobindo Pharma Limited were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Aurobindo Pharma Limited failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Aurobindo Pharma Limited's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Aurobindo Pharma Limited knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Aurobindo Pharma Limited knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Aurobindo Pharma Limited knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Aurobindo Pharma Limited or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Aurobindo Pharma Limited jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

# COUNT XLIX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLIX of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., to the extent that the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT L – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count L of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc.

4.     Upon information and belief, all of said Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)     At the time the Risperdal/Risperidone product left the control of the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Ortho-McNeil-Janssen

Pharmaceuticals, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc.. Specifically, although Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.      The Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.      Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.      These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. jointly and severally in such sum as will reasonably and fairly compensate

him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## **COUNT LI - NEGLIGENCE**

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Ortho-McNeil Janssen Scientific Affairs, LLC was provided to Kenneth E. Leitzen,

Jr. after misbranding or mislabeling on the part of the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC, and was also unaltered when provided to Plaintiff.

6.    Upon information and belief, the Risperdal/Risperdone drug that the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.    Upon information and belief, the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.    Upon information and belief, the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.    After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC, to the extent that the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Ortho-McNeil Janssen Scientific Affairs, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2.     At all relevant times herein the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC.

4.     Upon information and belief, all of said Defendant Ortho-McNeil Janssen Scientific Affairs, LLC either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

   (a)     At the time the Risperdal/Risperidone product left the control of the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

   (b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Ortho-McNeil Janssen

Scientific Affairs, LLC, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC. Specifically, although Defendant Ortho-McNeil Janssen Scientific Affairs, LLC were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Ortho-McNeil Janssen Scientific Affairs, LLC failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Ortho-McNeil Janssen Scientific Affairs, LLC's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Ortho-McNeil Janssen Scientific Affairs, LLC knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8. The Defendant Ortho-McNeil Janssen Scientific Affairs, LLC knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9. The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Ortho-McNeil Janssen Scientific Affairs, LLC knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11. Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Ortho-McNeil Janssen Scientific Affairs, LLC or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Ortho-McNeil Janssen Scientific Affairs, LLC jointly and severally in such sum as will reasonably and fairly

compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Janssen, L.P., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Janssen, L.P. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Janssen, L.P. was provided to Kenneth E. Leitzen, Jr. after misbranding or

mislabeling on the part of the Defendant Janssen, L.P., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperdone drug that the Defendant Janssen, L.P. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Janssen, L.P. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Janssen, L.P., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Janssen, L.P., to the extent that the Defendant Janssen, L.P. will not or cannot identify the manufacturers of the Risperdal/Risperidone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Janssen, L.P. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Janssen, L.P. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LIV of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Janssen, L.P. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.    At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Janssen, L.P.

4.    Upon information and belief, all of said Defendant Janssen, L.P. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.    The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)    At the time the Risperdal/Risperidone product left the control of the Defendant Janssen, L.P., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)    The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Janssen, L.P., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Janssen, L.P. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Janssen, L.P.  Specifically, although Defendant Janssen, L.P.

were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Janssen, L.P. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperidone product.

(d)     Defendant Janssen, L.P.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Janssen, L.P. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Janssen, L.P. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Janssen, L.P. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11. Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Janssen, L.P. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Janssen, L.P. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LV of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Janssen R & D, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient

education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3. Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Janssen R & D, Inc. provided to patients, including Risperdal/Risperidone drug.

4. The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5. Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Janssen R & D, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Janssen R & D, Inc., and was also unaltered when provided to Plaintiff.

6. Upon information and belief, the Risperdal/Risperidone drug that the Defendant Janssen R & D, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7. Upon information and belief, the Defendant Janssen R & D, Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8. Upon information and belief, the Defendant Janssen R & D, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Janssen R & D, Inc., to the extent that the Defendant Janssen R & D, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Janssen R & D, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Janssen R & D, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LVI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Janssen R & D, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Janssen R & D, Inc.

4.      Upon information and belief, all of said Defendant Janssen R & D, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a) At the time the Risperdal/Risperidone product left the control of the Defendant Janssen R & D, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Janssen R & D, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Janssen R & D, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Janssen R & D, Inc..  Specifically, although Defendant Janssen R & D, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.  Defendant Janssen R & D, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d) Defendant Janssen R & D, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.  There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Janssen R & D, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Janssen R & D, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Janssen R & D, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Janssen R & D, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Janssen R & D, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LVII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Janssen Pharmaceutica Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Janssen Pharmaceutica Inc. provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.    Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Janssen Pharmaceutica Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Janssen Pharmaceutica Inc., and was also unaltered when provided to Plaintiff.

6.    Upon information and belief, the Risperdal/Risperdone drug that the Defendant Janssen Pharmaceutica Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.    Upon information and belief, the Defendant Janssen Pharmaceutica Inc. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.    Upon information and belief, the Defendant Janssen Pharmaceutica Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.    After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.   Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.   Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.   With respect to the Defendant Janssen Pharmaceutica Inc., to the extent that the Defendant Janssen Pharmaceutica Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Janssen Pharmaceutica Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Janssen Pharmaceutica Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LVIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Janssen Pharmaceutica Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Janssen Pharmaceutica Inc.

4.      Upon information and belief, all of said Defendant Janssen Pharmaceutica Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a)      At the time the Risperdal/Risperidone product left the control of the Defendant Janssen Pharmaceutica Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Janssen Pharmaceutica Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Janssen Pharmaceutica Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Janssen Pharmaceutica Inc.. Specifically, although Defendant Janssen Pharmaceutica Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Janssen Pharmaceutica Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d) Defendant Janssen Pharmaceutica Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6. The Defendant Janssen Pharmaceutica Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7. A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8. The Defendant Janssen Pharmaceutica Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9. The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Janssen Pharmaceutica Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11. Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Janssen Pharmaceutica Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Janssen Pharmaceutica Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LIX - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LIX of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Janssen Research Foundation, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Janssen Research Foundation provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Janssen Research Foundation was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Janssen Research Foundation, and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Janssen Research Foundation provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Janssen Research Foundation knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Janssen Research Foundation, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Janssen Research Foundation, to the extent that the Defendant Janssen Research Foundation will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Janssen Research Foundation should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Janssen Research Foundation jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LX – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LX of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.    At all relevant times herein the Defendant Janssen Research Foundation were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.    At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Janssen Research Foundation.

4.    Upon information and belief, all of said Defendant Janssen Research Foundation either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.    The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)    At the time the Risperdal/Risperidone product left the control of the Defendant Janssen Research Foundation, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)    The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Janssen Research Foundation, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)    At the time the Risperdal/Risperidone product left the control of the Defendant Janssen Research Foundation it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Janssen Research Foundation. Specifically, although Defendant Janssen Research Foundation were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Janssen Research Foundation failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Janssen Research Foundation's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.    The Defendant Janssen Research Foundation knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.    A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.    The Defendant Janssen Research Foundation knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Janssen Research Foundation knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Janssen Research Foundation or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Janssen Research Foundation jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXI - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXI of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.     Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.     Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. provided to patients, including Risperdal/Risperidone drug.

4.     The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.     Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., and was also unaltered when provided to Plaintiff.

6.     Upon information and belief, the Risperdal/Risperdone drug that the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.     Upon information and belief, the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.     Upon information and belief, the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.     After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., to the extent that the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXII of their Complaint, state as follows:

1.     Plaintiff incorporates all of the above and below paragraphs by reference.

2.	At all relevant times herein the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.	At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C.

4.	Upon information and belief, all of said Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.	The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

(a)	At the time the Risperdal/Risperidone product left the control of the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)	The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Johnson & Johnson

Pharmaceutical Research & Development, L.L.C., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C.. Specifically, although Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.      The Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.      A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.      The Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.      The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Johnson & Johnson Pharmaceutical Research & Development, L.L.C. jointly and severally in such sum as will

reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXIII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXIII of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Johnson & Johnson, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Johnson & Johnson provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Johnson & Johnson was provided to Kenneth E. Leitzen, Jr. after misbranding or

mislabeling on the part of the Defendant Johnson & Johnson, and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Johnson & Johnson provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Johnson & Johnson knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Johnson & Johnson, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Johnson & Johnson, to the extent that the Defendant Johnson & Johnson will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Johnson & Johnson should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Johnson & Johnson jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXIV – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXIV of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Johnson & Johnson were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.     At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Johnson & Johnson.

4.     Upon information and belief, all of said Defendant Johnson & Johnson either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.     The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

   (a)     At the time the Risperdal/Risperidone product left the control of the Defendant Johnson & Johnson, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

   (b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Johnson & Johnson, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

   (c)     At the time the Risperdal/Risperidone product left the control of the Defendant Johnson & Johnson it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Johnson & Johnson. Specifically, although Defendant Johnson

& Johnson were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Johnson & Johnson failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)    Defendant Johnson & Johnson's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.    The Defendant Johnson & Johnson knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.    A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.    The Defendant Johnson & Johnson knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.    The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10. The Defendant Johnson & Johnson knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11. Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Johnson & Johnson or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Johnson & Johnson jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXV - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXV of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Patriot Pharma, LLC, at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient

education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3.      Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Patriot Pharma, LLC provided to patients, including Risperdal/Risperidone drug.

4.      The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Patriot Pharma, LLC was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Patriot Pharma, LLC, and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Patriot Pharma, LLC provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Patriot Pharma, LLC knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Patriot Pharma, LLC, breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9.      After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10.     Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11.     Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12.     With respect to the Defendant Patriot Pharma, LLC, to the extent that the Defendant Patriot Pharma, LLC will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Patriot Pharma, LLC should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Patriot Pharma, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXVI – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count XLVI of their Complaint, state as follows:

1.      Plaintiff incorporates all of the above and below paragraphs by reference.

2.      At all relevant times herein the Defendant Patriot Pharma, LLC were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3.      At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Patriot Pharma, LLC

4.      Upon information and belief, all of said Defendant Patriot Pharma, LLC either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5.      The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the  following respects:

(a) At the time the Risperdal/Risperidone product left the control of the Defendant Patriot Pharma, LLC, it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b) The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Patriot Pharma, LLC, and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c) At the time the Risperdal/Risperidone product left the control of the Defendant Patriot Pharma, LLC it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Patriot Pharma, LLC. Specifically, although Defendant Patriot Pharma, LLC were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers. Defendant Patriot Pharma, LLC failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d) Defendant Patriot Pharma, LLC's warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger. There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Patriot Pharma, LLC knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Patriot Pharma, LLC knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Patriot Pharma, LLC knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12. These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Patriot Pharma, LLC or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Patriot Pharma, LLC jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXVII - NEGLIGENCE

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXVII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. Pursuant to common law, statutes, regulations, and their own professional standards, the Defendant Oregon Healthcare Pharmacy Services, Inc., at all times material herein, owed a legal duty and professional duty to all potential customers and their treating physicians, to counsel, offer counsel, and provide appropriate and adequate warnings, patient package inserts, and/or patient education monographs to patients and the treating physicians of patients, including Kenneth E. Leitzen, Jr. and Kenneth E. Leitzen, Jr.'s treating physicians.

3. Such warnings, patient package inserts, and/or patient education monographs was to inform patients about prescription medication the Defendant Oregon Healthcare Pharmacy Services, Inc. provided to patients, including Risperdal/Risperidone drug.

4. The purpose of providing such information was to ensure that the patients and their treating physicians, including Kenneth E. Leitzen, Jr. and his treating physicians, were fully informed about the risks, benefits and contraindications of the drug, to enable the patients to

make informed decisions about the drug, and to tell the patients and their treating physicians to expect certain side effects and the fact that the side effects may occur.

5.      Upon information and belief, Risperdal/Risperidone manufactured and/or sold by Defendant Oregon Healthcare Pharmacy Services, Inc. was provided to Kenneth E. Leitzen, Jr. after misbranding or mislabeling on the part of the Defendant Oregon Healthcare Pharmacy Services, Inc., and was also unaltered when provided to Plaintiff.

6.      Upon information and belief, the Risperdal/Risperdone drug that the Defendant Oregon Healthcare Pharmacy Services, Inc. provided and sold to Plaintiff was dispensed unchanged from the original retail package of the manufacturer.

7.      Upon information and belief, the Defendant Oregon Healt knew or reasonably should have known at the time of its sale of the Risperdal/Risperidone that the Risperdal/Risperidone could cause loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

8.      Upon information and belief, the Defendant Oregon Healthcare Pharmacy Services, Inc., breached and failed in its duties to counsel, and provide appropriate warnings, patient package inserts, and/or patient education monographs to their patients and their physicians concerning the risks of loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

9. After ingesting the Risperdal/Risperdone product, Kenneth E. Leitzen, Jr. has shown a loss of personality, itching in the back of his head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia.

10. Also, in reaction to the Risperdal/Risperdone product, Plaintiff became unresponsive and had episodes of drug-induced stupors; drooling; uncontrollable shaking, sobbing, and laughing; and seizures.

11. Plaintiff's reaction and subsequent injuries were caused by the Risperdal/Risperdone product.

12. With respect to the Defendant Oregon Healthcare Pharmacy Services, Inc., to the extent that the Defendant Oregon Healthcare Pharmacy Services, Inc. will not or cannot identify the manufacturers of the Risperdal/Risperdone drug provided to Plaintiff, and/or to the extent such manufacturers cannot be brought before the Court, the Defendant Oregon Healthcare Pharmacy Services, Inc. should be held derivatively responsible for such manufacturers' liability pursuant to Illinois law, in addition to its own direct responsibility and liability associated with its own conduct, actions, failures, and breaches.

WHEREFORE, Plaintiff prays for judgment against Defendant Oregon Healthcare Pharmacy Services, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

## COUNT LXVIII – STRICT PRODUCTS LIABILITY

COMES NOW Plaintiffs, by and through undersigned counsel, and for Count LXVIII of their Complaint, state as follows:

1. Plaintiff incorporates all of the above and below paragraphs by reference.

2. At all relevant times herein the Defendant Oregon Healthcare Pharmacy Services, Inc. were engaged in the business of manufacturing, designing, marketing, promoting, distributing, and/or selling the Risperdal/Risperidone product.

3. At all relevant times, the Risperdal/Risperidone product was defective and/or unreasonably dangerous to Plaintiff and other foreseeable users at the time it left the control of the Defendant Oregon Healthcare Pharmacy Services, Inc.

4. Upon information and belief, all of said Defendant Oregon Healthcare Pharmacy Services, Inc. either sold, distributed, and/or manufactured the Risperdal/Risperidone, had a role in placing the Risperdal/Risperidone product into the stream of commerce, derived an economic benefit from placing the product into the stream of commerce, and were in a position to eliminate the unsafe character of the Risperdal/Risperidone product and prevent the loss suffered by Plaintiff.

5. The Risperdal/Risperidone product was "defective" and "unreasonably dangerous" when the product initially was patented, subsequently when it was promoted, when it entered into the stream of commerce, and when it was received by Kenneth E. Leitzen, Jr., in one or more of the following respects:

      (a)    At the time the Risperdal/Risperidone product left the control of the Defendant Oregon Healthcare Pharmacy Services, Inc., it was defective and unreasonably dangerous due to a failure to contain adequate warnings or instructions, or, in the alternative, because it was designed in a defective manner, or, in the alternative, because the product breached an express warranty or failed to conform to other expressed factual representations upon which Plaintiff's physicians justifiably relied, or

because it breached an implied warranty, all of which proximately caused the damages for which Plaintiffs seek recovery herein.

(b)     The Risperdal/Risperidone product was not reasonably safe as designed, taking into account the foreseeable risks involved in its use at the time the product left the possession of the Defendant Oregon Healthcare Pharmacy Services, Inc., and that such risks clearly outweighed the utility of the product or its therapeutic benefits.

(c)     At the time the Risperdal/Risperidone product left the control of the Defendant Oregon Healthcare Pharmacy Services, Inc. it possessed a dangerous characteristic that may cause damage and it was not reasonably safe due to inadequate or defective warnings or instructions that were known or reasonably scientifically knowable at the time the product left the possession of the Defendant Oregon Healthcare Pharmacy Services, Inc..   Specifically, although Defendant Oregon Healthcare Pharmacy Services, Inc. were well aware that the Risperdal/Risperidone product could potentially cause side effects such as loss of personality, itching in the back of the head, periods of muteness, facial distortion, signs of self-inflicted wounds, limpness, insomnia, verbal and physical outbursts, loss of voice, an unstable thyroid, extended bladder flushing, duress, an enlarged prostate, and Tardive Dyskinesia, warnings of such adverse health conditions were either not included on the package insert for these products or they were not adequate to inform reasonably prudent physicians and consumers.   Defendant Oregon Healthcare Pharmacy Services, Inc. failed to use reasonable care to provide an adequate warning of these dangers characteristics to handlers and users of the Risperdal/Risperdone product.

(d)     Defendant Oregon Healthcare Pharmacy Services, Inc.'s warnings or instructions were not of a nature that a reasonably prudent drug company in the same or similar circumstances would have provided with respect to the danger.   There were no warnings or instructions that communicate sufficient information on the dangers and safe use of the product taking into account the characteristics of the product, and/or the ordinary knowledge common to the physician who prescribes and the consumer who purchases the product, such as the Plaintiff.

6.     The Defendant Oregon Healthcare Pharmacy Services, Inc. knew, or in light of reasonably available scientific knowledge should have known, about the danger that caused the injuries for which Plaintiffs seek recovery.

7.     A reasonably competent physician who prescribed the Risperdal/Risperidone product and a reasonably competent Plaintiff who consumed the Risperdal/Risperidone product would not realize its dangerous condition.

8.     The Defendant Oregon Healthcare Pharmacy Services, Inc. knew or in light of reasonably available scientific knowledge should have known about the danger associated with use of the Risperdal/Risperidone product that caused the damages for which Plaintiff seeks recovery.

9.     The reasonably foreseeable use of the Risperdal/Risperidone product, involved substantial dangers not readily recognizable by the ordinary physician who prescribed the Risperdal/Risperidone product or the patient, like Plaintiff, who consumed the Risperdal/Risperidone product.

10.     The Defendant Oregon Healthcare Pharmacy Services, Inc. knew that the Risperdal/Risperidone product was to be prescribed by physicians and used by consumers without inspection for defects in the products or in any of its components or ingredients and that the Risperdal/Risperidone product was not properly prepared or accompanied by adequate warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

11.     Plaintiff and his physicians did not know nor had reason to know, at the time of the use of the Risperdal/Risperidone product, or at any time prior to its use, of the existence of the above-described defects and inadequate warnings.

12.     These defects caused serious injuries to Plaintiff when the product was used in its intended and foreseeable manner, and in the manner recommended by the Defendant Oregon

Healthcare Pharmacy Services, Inc. or in a non-intended manner that was reasonably foreseeable.

WHEREFORE, Plaintiff prays for judgment against all Defendant Oregon Healthcare Pharmacy Services, Inc. jointly and severally in such sum as will reasonably and fairly compensate him for damages incurred herein in excess of Fifty Thousand Dollars ($50,000) together with his costs incurred herein and that the Court enter such other and further relief as the Court deems just and proper.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.


By:       /S_____
        Debbie S. Champion, #6200693
        Victor H. Essen, II,   #6289442
        Attorneys for Plaintiff
        1 S. Memorial Drive, Suite 1800
        St. Louis, Missouri 63102
        314-421-4430 / 314-421-4431 (FAX)
        dchampion@rssclaw.com
        vessen@rssclaw.com

## CERTIFICATE OF FILING AND SERVICE

I, Robert M. Fagan, certify that on May 20, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

Plaintiff's Amended Complaint

was served pursuant to the district court's ECF system as to ECF filers and sent via U.S. Mail with postage prepaid this 20 day of May, 2011 to:

Ms. Marilyn M. Reidy
Johnson & Bell, Ltd.
33 W. Monroe Street, Suite 2700
Chicago, IL 60603-5404
312-372-0770 / 312-372-9818 (FAX)
reidym@jbltd.com
*Attorney for Defendant Oregon Healthcare Pharmacy Services*

Mr. John Dames
Mr. William V. Essig
Drinker, Biddle & Reath, LP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698
312-569-1000 / 312-569-3000 (FAX)
William@essig@dbr.com
*Attorneys for Defendants Johnson & Johnson; Johnson & Johnson Pharmaceutical Research & Development, LLC; Ortho-McNeil-Janssen Scientific Affairs, LLC (incorrectly named and sued as Ortho-McNeil Scientific Affairs, LLC); & Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc. & Janssen, L.P.*

Mr. Kenneth R. Craycraft, Jr.
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5000 (telephone)
(513) 698-5001 (facsimile)
kcraycraft@ulmer.com
*Attorneys for Defendants Teva Pharmaceuticals USA, Teva Pharmaceuticals, LLC, Teva Women's Health, Inc., and Teva Parental Medicines, Inc.*

_____/ S_____

Robert M. Fagan
One of the Plaintiff's Attorneys

Law Offices Of Robert M. Fagan, Ltd.
10 N. Galena Ave., Ste. 210
Freeport, IL 61032-4360
815.233.5800
815.232.5500 Facsimile
Fagan@prodigy.net